FILED
 2016 Sep-26  AM 09:34
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| FREDERICK WALKER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | Case Number: 4:15-cv-00482-JHE |

## MEMORANDUM OPINION[1]

Plaintiff Frederick Walker seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Walker timely pursued and exhausted his administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Walker filed his application for a period of disability and DIB in September 2011, alleging he became unable to work beginning May 31, 2011. (Tr. 106-15). Walker was a forty-seven year old male on March 31, 2012, his date last insured ("DLI"). (Tr. 13 & 106). Walker has an eleventh grade education and past relevant work as a poultry eviscerator. (Tr. 24 & 30).

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 19).

The Agency initially denied Walker's application, and Walker requested a hearing where he appeared in May 2013. (Tr. 34-35 & 66-67). After the hearing, the Administrative Law Judge ("ALJ") denied Walker's claim on June 24, 2013. (Tr. 11-17). Walker sought review by the Appeals Council, but it declined his request on September 20, 2014. (Tr. 1-3). On that date, the ALJ's decision became the final decision of the Commissioner. On March 23, 2015, Walker initiated this action. (*See* doc. 1).

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

   (1)   whether the claimant is currently employed;
   (2)   whether the claimant has a severe impairment;
   (3)   whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
   (4)   whether the claimant can perform his or her past work; and
   (5)   whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999);

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

*accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

### IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Walker last met the insured status requirements of the Social Security Act on March 31, 2012, and that Walker had not engaged in substantial gainful activity from his alleged onset date of May 31, 2011 through his DLI. (Tr. 13). At Step Two, the ALJ found Walker has the following severe impairments: hearing loss not treated with cochlear implantation. (*Id.*). At Step Three, the ALJ found Walker did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13-14).

Before proceeding to Step Four, the ALJ determined Walker's residual functioning capacity ("RFC"), which is the most a claimant can do despite his impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined Walker has the RFC to perform light work as defined in 20 C.F.R. 404.1567(b), except he needs a quiet environment with no background noise and to be able to communicate face-to-face with coworkers and supervisors, with limited communication and no requirement to deal with the public. (Tr. 14-15).

At Step Four, the ALJ determined Walker is unable to perform any past relevant work. (Tr. 15).  At Step Five, the ALJ determined, based on Walker's age, education, work experience, and RFC, jobs exist in significant numbers in the national economy Walker could perform. (Tr. 16).  Therefore, the ALJ determined Walker has not been under a disability and denied his claim.  (*Id.*).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court, however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Here, substantial evidence supports the ALJ's determination Walker failed to demonstrate a disability, and the ALJ applied the proper standards to reach this conclusion. Walker challenges the Commissioner's decision on the ground it was not based on substantial evidence as a result of the ALJ's failure to develop the record.  Walker argues the ALJ's responsibility to develop the record demanded he inquire into Walker's alleged back problems, short attention span, and mental deficit.  (Doc. 14 at 9).  Under the circumstances of this case, Walker's contentions do not merit remand.

It is true "the ALJ has a duty to develop the record fully and fairly." *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999).  Social security regulations provide that "when the evidence [on record] . . . is inadequate for us to determine whether you are disabled, [the ALJ] will need

additional information to reach a determination or a decision." 20 C.F.R. §§ 404.1512(e), 416.912(e).  However, "an administrative law judge is under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability."  *Street v. Barnhart*, 133 F. App'x 621, 627 (11th Cir. 2005) (quoting *Pena v. Chater,* 76 F.3d 906, 909 (8th Cir. 1996)) (internal quotation marks omitted).  *Accord Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) ("The ALJ's duty to investigate . . . does not extend to possible disabilities that are not alleged by the claimant or to those disabilities that are not clearly indicated on the record.").[4]

Furthermore, the burden of proving a plaintiff's disability and providing evidence to show particular impairments rests solely on the plaintiff.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) ("It is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so."); 42 U.S.C. § 423(d)(5).  Not only is the ultimate evidentiary burden placed on the plaintiff, but he must also make a "clear showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded . . . for further development of the record." *Graham v. Apfel*, 129 F.2d 1420, 1422 (11th Cir. 1997).  Therefore, Walker has the responsibility of showing there was an evidentiary gap which resulted in prejudice. *See Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991). To show the ALJ erred by not requesting an

---

[4] In *Henry v. Commissioner of Social Security*, the Eleventh Circuit seemed to refer to the basic duty to develop a full and fair record as "an onerous task" because "the ALJ must 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).  However, it is clear from the underlying authority cited, this more onerous version of the duty only applies where the plaintiff is not represented.  *See Cowart*, 662 F.2d at 735 (holding, where the right to representation has not been waived but the plaintiff is unrepresented, the duty to investigate rises to a special duty requiring the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.").  Walker was represented by counsel before the ALJ.

additional consultative examination or by failing to re-contact treating or examining physicians, Walker must provide evidence the "ALJ's decision would have changed in light of any additional information." *See Robinson v. v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010).

Here, the ALJ was careful to give Walker a broad opportunity to present any and all medical conditions relevant to his disability hearing. The ALJ asked Walker: "[T]ell me what your problems are? Just name them for me." (Tr. 25). In response to this question, Walker discussed only his hearing problems and their effects on his working life. (Tr. 25-27). He did not mention back problems, mental deficits, or other conditions relevant to the ALJ's decision. (*Id*.). Further developing the record, Walker's attorney questioned him at length concerning his work abilities and limitations, but the attorney's line of questioning examined only Walker's hearing problems and their effect on his ability to communicate with supervisors and coworkers. (Tr. 27-29). Walker failed to satisfy his burden of production and proof when he did not mention or discuss his alleged attention deficits or back problems at the prompting of the ALJ and his attorney.

Further, Walker must provide evidence the "ALJ's decision would have changed in light of any additional information." *See Robinson v. v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010). Walker did mark "yes" when asked on his disability application form whether he had any new illnesses or injuries, noting he was "[h]aving back problems." (Tr. 167). However, he had not seen a doctor for any physical or mental illness or injury relevant to the application. (Tr. 168). Additionally, while he did comment he required help with chores, he explains it is because he is "slow" and has trouble with his "hearing," not a mental deficit or back issue. (Tr. 159-60). At no point in the record does he mention or provide evidence of any mental deficiency into which the ALJ might have delved. Walker's short answers and limited

7

references to "[h]aving back problems" and a "short" attention span are not sufficient indications of severe impairments or disabilities to invoke the ALJ's duty to investigate, especially in light of Walker and his counsel's failure to claim them as disabilities either in his original application or at the hearing before the ALJ.

Finally, Walker makes no "clear showing of prejudice" as is required when arguing that a record was inadequately developed. *See Graham*, 129 F.2d at 1422. Walker points to nothing in the record to put the ALJ on notice his "back problems" were chronic or severe enough to affect his ability to work or that his alleged mental deficit would prevent him from doing the limited tasks encompassed by the Vocational Expert's hypotheticals and the ALJ's subsequent RFC. Instead, he argues the ALJ should have gone on a fishing expedition to examine possible claims neither the plaintiff nor his attorney brought on the record and his attorney on appeal cannot seem to describe beyond speculation. (*See* doc. 14 at 9). This alone is not enough to have an ALJ's decision reversed for failure to develop the record. *See Graham* 129 F.2d at 1422 (requiring a "clear showing of prejudice" resulting in a violation of the plaintiffs' due process rights).

Overall, Walker failed to satisfy his burden of proof with regard to any back or mental issues because he failed to introduce any evidence of them, either in the record or during his hearing, despite being given ample opportunity to do so. The ALJ sufficiently developed the record, in which there is substantial evidence to support the ALJ's conclusion Walker's impairments would not prevent him from working.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security

denying Walker's claim for a period of disability and disability insurance benefits is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE**. A separate order will be entered.

    DONE this 26th day of September, 2016.

                                      **JOHN H. ENGLAND, III**
                                      UNITED STATES MAGISTRATE JUDGE